IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| ROBERT W. KRAMER, III d/b/a | * | |
| CIS INTERNET SERVICES | | |
| | * | NO. 3:03-CV-80109-CRW-TJS |
| Plaintiff, | | |
| | * | DEFENDANT NATIONAL |
| Vs. | | CREDIT SYSTEMS, INC. |
| | * | MOTION FOR RELIEF FROM |
| NATIONAL CREDIT SYSTEMS, INC. | | JUDGMENT OR ORDER AND |
| et al, | * | STAY PENDING DISPOSITION |
| | | OF THIS MOTION |
| Defendants. | * | |
| | | DEFENDANT REQUESTS |
| | * | EXPEDITED RELIEF ON ITS |
| | | MOTION FOR STAY OF |
| | * | PROCEEDINGS AND ORAL |
| | | ARGUMENT |
| | * | |

COMES NOW Defendant, National Credit Systems, Inc., and for its Motion for Relief from a Judgment or Order pursuant to F.R.C.P. 60 and its Motion for Stay of Proceedings to Enforce a Judgment pursuant to F.R.C.P. Rule 62 states:

1.      On December 22, 2005 Final Default Judgment and Order of Permanent Injunction against Defendant National Credit Systems, Inc. (NCS) was entered.

2.      The aforementioned Default Judgment included an award of compensatory and statutory damages in the amount of $20,044,580.00 and punitive damages in the amount of $40,014,860.00 for total damages in the amount of $160,059,440.00, and permanent injunction substantially prohibiting NCS from engaging in any activity on the internet for a period of three years and permanently enjoining NCS from sending emails on the internet.

3.      NCS, a corporation organized under the laws of the State of New York, was not properly served pursuant to F.R.C.P. Rule 4(h) as Plaintiff failed to have a copy of the Summons and Complaint delivered to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

4.      As Plaintiff failed to serve process pursuant to F.R.C.P. Rule 4(h), NCS asserts that grounds for relief have been established pursuant to F.R.C.P. Rule 60(b)(4) and 60(b)(6).

5.      On February 27, 2008 Plaintiff obtained an Order Appointing Receiver from the United State District Court for the Southern District of New York appointing Andrew D. Himmel of Himmel & Bernstein LLP, an attorney for Plaintiff, as receiver permitting the receiver to assume control of all of the assets of NCS, including accounts receivable and deposit accounts and further permitting the receiver to operate the day-to-day business of NCS.

6.      Although NCS filed an application seeking a hearing to vacate or stay the order appointing a receiver, said application was denied without hearing by the United States District Court for the Southern District of New York, and the court advised counsel that the application should be directed to the United States District Court for the Southern District of Iowa.

7.      Said aforementioned receiver has contacted representatives of NCS and is presently taking steps to acquire the assets of NCS and operate the day-to-day business of NCS.

8.      NCS will be irreparably harmed if this Court does not vacate or stay the Order Appointing Receiver and NCS hereby moves to have the Order Appointing Receiver vacated or stayed pursuant to F.R.C.P. Rule 62(b)(4).

WHEREFORE, Defendant National Credit Systems, Inc. respectfully moves the Court upon hearing for relief from a judgment by setting aside the Default Judgment entered December 22, 2005; and expedited order vacating or staying the Order Appointing a Receiver in this matter; and for such other and further relief as the Court deems just and equitable in the premises.

Respectfully submitted,

/s/      Michael J. Burdette

_____
Michael J. Burdette, AT0001292
Burdette Law Firm, P.C.
8350 Hickman Road, Suite 2
Clive, IA 50325
Telephone:  (515) 309-3776
Facsimile:  (515) 309-3779
Attorney for Defendant National Credit
Systems, Inc.

Original Filed.

Copies to:

Kelly O. Wallace
WELLBORN & WALLACE, LLC
1372 Peachtree Street NE, Ste. 704
Atlanta, GA 30309

G. Wylie Pillers, III
PILLERS LAW OFFICE P.C.
Executive Plaza Bldg.
1127 N. Second St., Suite D
Clinton, IA 52732

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon each of the attorneys of record of all parties in the above-entitled cause by enclosing the same in an envelope addressed to each such attorney at his respective address as disclosed by the pleadings of record herein, with postage fully paid, and by depositing said envelope in a United States Post Office depository in Des Moines, Iowa, on the __20__ day of __March__, 20_08_.

By    /s/ Cindy Palmersheim