IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| ROBERT W. KRAMER, III d/b/a CIS INTERNET SERVICES, | * | NO. 3:03-CV-80109-CRW-TJS |
| | * | DEFENDANT'S PROPOSED RULING AND ORDER ON DEFENDANT NATIONAL CREDIT SYSTEMS, INC.'S MOTION FOR RELIEF FROM JUDGMENT OR ORDER TO STAY PENDING DISPOSITION |
| Plaintiff, | | |
| | * | |
| Vs. | | |
| | * | |
| NATIONAL CREDIT SYSTEMS, INC., et al, | | |
| | * | |
| Defendants. | * | |

NOW on this _____ day of _____, 2008 the Court having reviewed Defendant's Motion for Relief from Judgment or Order, the resistance of the Plaintiff to said Motion, the supporting briefs of the parties and the oral arguments of the parties makes the following Findings of Fact:

1. On October 10, 2003 Plaintiff Robert W. Kramer d/b/a as CIS Internet Services filed a verified complaint for injunctions and damages against 300 "John Doe" Defendants.

2. On February 20, 2004 Plaintiff filed a First Amended Complaint for Injunction and Damages, specifically identifying Defendant National Credit Systems, Inc., A New York Corporation, as well as twenty-three other specifically identified Defendants.

3. On February 8, 2005 Plaintiff filed two affidavits with the clerk of court, including an Affidavit of Non-service attesting to an unsuccessful attempt to serve one Samuel Burke with the Summons and First Amended Complaint in this matter, and an Affidavit of Service attesting that on January 12, 2005 a copy of the Summons and First Amended Complaint

was presented to and left with secretary "Jen Doe" at the address of 11 E. 36th Street, 10th Floor, New York, New York County, New York as a representative of National Credit Systems, Inc.

4. Pursuant to testimony set forth in Affidavits of Christopher Rehkow, President of National Credit Systems, Inc. and Lynn E. Goldberg, Vice President of National Credit Systems, Inc., the Court finds that Defendant National Credit Systems, Inc. had been evicted from and had vacated the premises situated at 11 E. 36th Street, 10th Floor, New York, New York County, New York on or before January 5, 2005, and that the person identified as secretary "Jen Doe" was not an officer, a managing or general agent, or other agent authorized by appointment or by law to receive service of process for Defendant National Credit Systems, Inc.

5. On July 28, 2005 a Motion for Default Entry in regard to National Credit Systems, Inc. was filed by Plaintiff, and on November 1, 2005 the Court ordered the Clerk of Court to enter default in favor of Plaintiff against Defendant National Credit Systems, Inc. and set a hearing on damages.

6. Although in its Order of November 1, 2005, the court ordered that any person wishing to appear at the hearing on damages on behalf of National Credit Systems, Inc. shall so inform the court, no notice was sent to any representative of National Credit Systems, Inc. of the judgment and damages hearing set for November 23, 2005.

7. On December 22, 2005 the court entered default judgment and order of permanent injunction against Defendant National Credit Systems, Inc. for damages in the amount of $160,059,440.00 and an injunction.

8. On February 27, 2008 the United States District Court for the Southern District of New York issued an Order Appointing Receiver for National Credit Systems, Inc. and corporate officers Lynn E. Goldberg and Christopher Rehkow first became aware of the judgment against

Defendant when they were contacted by the court appointed receiver, Andrew Himmel, during the first part of March 2008.

9.   Defendant's attorney, M. David Graubard, filed an Application for Order to Show Cause to Vacate or Stay Order Appointing Receiver with Temporary Relief in the U.S. District Court for the Southern District of New York and said application was denied on March 11, 2008 with comment from the court that the matter should be decided by the U.S. District Court for the Southern District of Iowa.

10.  On March 20, 2008 Defendant filed its Motion for Relief from Judgment or Order.

## CONCLUSIONS OF LAW

The failure of the Plaintiff to serve the Summons and Complaint on an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process resulted in the court not having in personam jurisdiction of the Defendant, F.R.C.P. Rule 4(h)(1). The failure to obtain personal jurisdiction over the Defendant renders the default judgment issued by the court void and said judgment must be set aside as a matter of law, Natures First, Inc. v. Natures First Law, Inc., 436 F.Supp.2d 368 (D.Conn. 2006). Furthermore, liberal construction is to be given to F.R.C.P. 60(b) to the end that judgments which are void or are vehicles of injustice should not be left standing, Brennan v. Midwestern United Life Ins. Co., 450 F.2d 999 (7th Cir. (Ind.)) *certiorari denied* 92 S.Ct. 957, 405 U.S. 921, 30 L.Ed.2d 792 (1971).

## ORDER

THEREFORE, IT IS ORDERED ADJUDGED AND DECREED that the default judgment entered December 22, 2005 is hereby set aside and vacated.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Order Appointing a Receiver entered by the United States District Court for the Southern District of New York on February 27, 2008 is hereby vacated.

CHARLES R. WOLLE, SENIOR JUDGE
UNITED STATES DISTRICT COURT OF
THE SOUTHERN DISTRICT OF IOWA

Original Filed.

Copies to:

Kelly O. Wallace
WELLBORN & WALLACE, LLC
1372 Peachtree Street NE, Ste. 704
Atlanta, GA 30309

G. Wylie Pillers, III
PILLERS LAW OFFICE, P.C.
Executive Plaza Bldg.
1127 N. Second St., Suite D
Clinton, IA 52732