IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

_____

|  |  |  |
|---|---|---|
| | ) | |
| ROBERT W. KRAMER, III d/b/a | ) | NO. 3:03-CV-80109-CRW-TJS |
| CIS INTERNET SERVICES | ) | |
|         Plaintiff, | ) | PLAINTIFF'S |
| | ) | RESISTANCE TO |
| vs. | ) | DEFENDANT'S MOTION FOR |
| | ) | RELIEF FROM JUDGMENT OR |
| | ) | ORDER AND STAY OF |
| NATIONAL CREDIT SYSTEMS, INC., | ) | PROCEEDINGS TO ENFORCE A |
| Et al., | ) | JUDGMENT |
|         Defendants. | ) | |

_____

COMES NOW Plaintiff, Robert W. Kramer, III d/b/a CIS Internet Services, and for his Resistance to Defendant's Motion for Relief from a Judgment or Order and Stay of Proceedings to Enforce a Judgment states:

1.      On October 10, 2003 a verified Complaint for Injunctions and Damages was filed against multiple Defendants who unlawfully bombarded CIS Internet Services' customers with an extraordinarily large quantity of unsolicited commercial emails, many of which fraudulently implied that they were affiliated with CIS Internet Services by way of false return addresses.

2.      On February 20, 2004, after learning that National Credit Systems, Inc. (hereafter 'NCS') was involved in this email scheme, Robert W. Kramer, III, d/b/a CIS Internet Services (hereafter 'Kramer') filed a First Amended Complaint for Injunction and Damages naming NCS as Defendant.

3.      On January 11, 2005, Kramer, attempted to effectuate service upon Defendant's chairman or chief officer, Samuel Berke, pursuant to NCS's filing with the New

York Department of State, at 2 Fifth Avenue, New York, NY 10011, which is the

address listed by NCS as its principal executive office.

4.     Said officer, Samuel Berke, at the aforementioned address was also provided to

the New York Department of State as designee for service of process.

5.     The information provided to the public and the New York Department of State

contained false misrepresentations and concealments of material fact because

Samuel Berke had not been affiliated with NCS since 2001, was incapacitated

due to Alzheimer's disease at the time of service, and NCS never maintained a

principal executive office at 2 Fifth Avenue, New York, NY 10011.

6.     The address of 2 Fifth Avenue, New York, NY 10011 is in fact a residential

address with a doorman, access to which was denied the process server per the

instruction of Mrs. Samuel Berke.

7.     On January 12, 2005, Kramer, caused a Summons and Original Notice to be

served upon the Secretary of NCS, substantially complying with Iowa Code

section 490.504, which is applicable to this proceeding via the Federal Rule of

Civil Procedure, Rules 4(h) and (e).

8.     On December 22, 2005, a Final Default Judgment and Order of Permanent

Injunction against Defendant was entered.

9.     On February 27, 2008 Plaintiff obtained an Order Appointing Receiver from the

United States District Court for the Southern District of New York appointing

Andrew D. Himmel of Himmel & Bernstein LLP as receiver.

10.     NCS is equitably estopped from raising the defense of improper service as it made false representations and concealed material facts regarding the identity of its officers and principal place of business.

11.     Kramer substantially complied with the requirements of Iowa Code section 490.504 rendering service of process valid and giving the Court personal jurisdiction over Defendant.

12.     Defendant has raised several issues of fact to which veracity and credibility of witnesses are imperative, therefore Defendant's motion to set aside the default judgment entered in this case should be denied as Kramer's due process rights will be violated if this motion is granted without providing him an opportunity to cross-examine Defendant's witnesses, review all evidence in this matter, and to present witnesses and evidence on Kramer's behalf.

WHEREFORE, Plaintiff Robert W. Kramer, III d/b/a CIS Internet Services respectfully moves this Court to deny Defendant's request to set aside the Default Judgment; deny Defendant's request to vacate or stay the Order Appointing a Receiver; assess costs to Defendant; and grant such other and further relief as the Court deems just and equitable in the premises.

PILLERS AND RICHMOND

By: ____/s/ David M. Pillers_____
          David M. Pillers                    AT0006214
          G. Wylie Pillers, III
          333 – 4th Avenue South
          Clinton, Iowa 52732
          Tele:   563-243-2454
          Fax:   563-243-2611

ATTORNEYS FOR PLAINTIFF