# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2852
_____

| | |
|---|---|
| Robert W. Kramer, III, doing business as CIS Internet Services, | * * * |
| Plaintiff/Appellant, | * |
| v. | * Appeal from the United States * District Court for the * Southern District of Iowa. |
| Cash Link Systems, a Florida corporation; AmeriP O S, Inc. a Florida corporation; OTB Products, a Florida corporation; AMP Dollar Savings, Inc. an Arizona corporation doing business as MortgageLeads.tv, doing business as Leads.tv; Healthstop, Inc. a Minnesota corporation, doing business as Health Stop Shop; Michael Moebeck, a Minnesota resident; Joseph Ingersoll, a Minnesota resident, Internet Services Zocalo, a California corporation; GZ Media, Inc. a New York corporation, doing business as 24/7 Downloads; TEI Marketing Group, a Florida corporation, | * * * * * * * * * * * * * * * [PUBLISHED] |
| Defendants, | * * |
| National Credit Systems, Inc. a New York corporation, | * * * |
| Defendant/Appellee, | * * |
| Jerry Poole, a Florida resident; Carmen | * |

| | |
|---|---|
| Lyman, a Massachusetts resident, also known as Carmen Rodriguez; Keven Hertz, a California resident; Mihir Teneja, a Florida resident, | * * * * * |
| Defendants. | * |

Submitted: April 14, 2011
Filed: August 26, 2011

———

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

———

## **ORDER**

  Robert W. Kramer III, plaintiff in the action below, appeals the district court's entry of judgment in favor of defendant National Credit Systems, Inc. ("NCS"). He asserts that this court has jurisdiction pursuant to 28 U.S.C. § 1291, which grants the court of appeals jurisdiction over appeals from "final decisions" of the district courts. We conclude that the appeal was not taken from a final decision, and that the case must be dismissed for lack of jurisdiction.

  When the district court entered judgment in favor of NCS, the court noted only that "*this piece* of the multi-defendant case [is] now fully submitted." At that point, several claims in the same action remained pending against AmeriP.O.S., Inc., a Florida corporation named as a defendant in an amended complaint in 2004. Later that year, AmeriP.O.S. informed the district court that it had filed a voluntary Chapter 7 bankruptcy petition in the Southern District of Florida, and the proceedings against AmeriP.O.S. in this case were automatically stayed. *See* 11 U.S.C. § 362(a)(1). The claims against AmeriP.O.S. remained pending, however, and the district court never entered a final decision under § 1291 or a final judgment under

-2-

Federal Rule of Civil Procedure 54(b). We therefore lack jurisdiction over this appeal. *See Miller v. Special Weapons, L.L.C.*, 369 F.3d 1033, 1034-35 (8th Cir. 2004); *Gov't of Rwanda v. Rwanda Working Grp.*, No. 02-7105, 2003 WL 1089896, at *1 (D.C. Cir. March 5, 2003) (per curiam); *Corsello v. Lincare, Inc.*, 276 F.3d 1229, 1230 (11th Cir. 2001) (per curiam); *Willhelm v. E. Airlines, Inc.*, 927 F.2d 971, 972-73 (7th Cir. 1991).

Kramer points out that the bankruptcy court issued a final decree in AmeriP.O.S.'s Chapter 7 case while this appeal was pending. He argues that the decree effectively terminated his claims against AmeriP.O.S. by discharging any potential liabilities that AmeriP.O.S. owed to Kramer and by liquidating AmeriP.O.S.'s assets. But a corporation is not entitled to a discharge of its debts in a Chapter 7 proceeding, *see* 11 U.S.C. § 727(a)(1), and the final bankruptcy decree did not purport to grant AmeriP.O.S. a discharge. Kramer is thus free to pursue his claims against AmeriP.O.S. after the expiration of the automatic stay. *See NLRB v. Goodman* (*In re Goodman*), 873 F.2d 598, 602 (2d Cir. 1989); *NLRB v. Better Bldg. Supply Corp.*, 837 F.2d 377, 379 (9th Cir. 1988); *Jackson v. CorporateGear, LLC*, No. 04-Civ.-10132(DC), 2005 WL 3527148, at *4 (S.D.N.Y. Dec. 21, 2005).

Kramer cites no authority for his alternate contention that liquidation of a defendant's assets extinguishes all preexisting claims against that defendant, and we have found none. *Cf. Better Bldg. Supply Corp.*, 837 F.2d at 379 ("In adopting section 727(a)(1), Congress intended that corporate debt would survive Chapter 7 proceedings and be charged against the corporation when it resumed operations."). And even if Kramer were correct that the final bankruptcy decree terminated his claims against AmeriP.O.S., this court has rejected the doctrine of "'cumulative finality,' under which a prematurely filed appeal is not dismissed if the district court finally resolves the case prior to final resolution of the case by the court of appeals." *Miller*, 369 F.3d at 1035. A bankruptcy decree issued only after Kramer filed his notice of appeal is insufficient to establish finality. Federal Rule of Appellate Procedure 4(a)(2) also

does not justify appellate jurisdiction. When the notice of appeal was filed, the district court had not "announce[d] a decision that *would be* appealable if immediately followed by the entry of judgment." *FirsTier Mortg. Co. v. Investors Mortg. Ins. Co.*, 498 U.S. 269, 276 (1991); *see also Miller*, 369 F.3d at 1035.

We therefore dismiss the appeal for lack of jurisdiction. We note that the district court also has not expressly resolved Kramer's claims against defendant Damon DeCrescenzo, with whom Kramer reached a settlement, or his claims against 273 unnamed defendants. We need not address the effect of these claims on finality. *Cf. Minnesota v. Kalman W. Abrams Metals, Inc.*, 155 F.3d 1019, 1023 (8th Cir. 1998); *Young v. Mt. Hawley Ins. Co.*, 864 F.2d 81, 83 (8th Cir. 1988) (per curiam).

_____